IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LAURA L. GILLEAD, )<br>)<br>                Plaintiff, )<br>)<br>vs. )<br>)<br>JANET NAPOLITANO, SECRETARY, )<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY, )<br>TRANSPORTATION SECURITY )<br>ADMINISTRATION, and JOHN DOES 1 )<br>THROUGH 10, )<br>)<br>                Defendants. )<br>_____ ) | Civil No. 2014-40 |

## **ORDER AND REPORT AND RECOMMENDATION**

This case is before the Court on the amended application [DE 7] of *pro se* plaintiff Laura L. Gillead to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and for initial screening of plaintiff's pleading pursuant to 28 U.S.C. § 1915(e)(2).[1] In its Order [DE 6] dated April 11, 2014, the Court found plaintiff's initial application incomplete as it failed to properly "specify pay period" as required under paragraph two. The Court finds the amended application is complete and that plaintiff has demonstrated an inability to pay the required court costs. Accordingly, the Court will grant plaintiff's motion to proceed *in forma pauperis*. For the reasons set forth below, however, this Court recommends the complaint be dismissed.

---

[1] Section 1915(a)(1) provides "any court of the United States may authorize the commencement . . . of any suit, . . ., civil or criminal, . . . , without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (alteration in original); *see Leatherman v. Obama*, 2012 U.S. Dist. LEXIS 158682, at *3 n.1 (W.D. Pa. Oct. 22, 2012) (holding section 1915(a) is not limited to prisoner suits) (citing *Jones v. NATO*, 1998 U.S. Dist. LEXIS 3569, at *2 (E.D. Pa. Mar. 20, 1998)).

## I. BACKGROUND

Plaintiff, a female 54-year-old,[2] brings suit against Janet Napolitano, former Secretary of the Department of Homeland Security ("DHS"), the Transportation Security Administration ("TSA"), and ten unidentified individuals for gender and age discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA").

According to plaintiff, in or around 2002, the TSA[3] hired plaintiff as a transportation security officer ("TSO") assigned to the Cyril E. King Airport. Compl. ¶ 12. In this position, TSA required that plaintiff obtain the necessary certification to screen both passengers and baggage. *Id*. ¶ 13. This certification required the passing of the "User's 2012 Guidelines Technical Proficiency" exam. *Id*. ¶ 14. Plaintiff avers that any employee unable to pass the proficiency exam after three attempts "is subject to removal procedures." *Id*. ¶ 17.

On June 6, 2012, TSA issued a proposal for termination to plaintiff for failing the proficiency exam three times, but later rescinded it on June 26, 2012. *Id*. ¶¶ 14-15. While unclear, it appears that same month, TSA also issued a "proposal of removal" to plaintiff. *Id*. ¶ 16. On October 1, 2012, plaintiff learned that TSA failed to issue "removal procedures" to eight other workers, all under age forty, who also failed the proficiency exam three times. *Id*.

On October 15, 2012, plaintiff contacted an Equal Employment Opportunity counselor "because her working conditions and terms [] was [sic] affected as a result of the Agency's

---

[2] Plaintiff was born on January 6, 1960. Comp. ¶ 11.

[3] The TSA is an agency of the DHS. At times, plaintiff references "the Agency" only, which the Court assumes refers to the TSA.

discriminatory action."[4]  *Id*. ¶ 18.  Following an unsuccessful attempt at alternative dispute resolution, on February 12, 2013, plaintiff filed a formal complaint with the TSA as a result of "the Agency's discriminatory action" pursuant to Title VII and the ADEA.[5]  *Id*. ¶¶ 19-20.  The "Agency" dismissed plaintiff's complaint on May 1, 2013.[6]  Plaintiff received notification of the "Agency's" dismissal on May 7, 2013.  According to plaintiff, she "timely" appealed the dismissal to the EEOC.[7]  On December 5, 2013, the EEOC issued its final decision.[8]  Plaintiff filed this lawsuit on April 10, 2014.

Plaintiff asks the Court to "enjoin defendants from engaging in age discrimination and from retaliating against [her] for pursuing this action."  Compl. at 7.

## II.   STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, a court must screen

---

[4]   *See* 29 C.F.R § 1614.105(a)(1) (stating federal employees "who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a[n] [EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter").

[5]   If the counselor is unable to informally resolve the matter, a federal employee alleging discrimination under Title VII must file a formal complaint with the employing agency's EEO program.  *Id*. § 1614.106.

A federal employee alleging age discrimination under the ADEA, however, may file a civil action in federal court without seeking administrative relief, but only if the employee has given the EEOC at least 30 days' notice of an intent to sue and that notice is within 180 days of the alleged unlawful discrimination.  29 U.S.C. § 633a(d); *see also* 29 C.F.R. § 1614.201(a).

[6]   The employing agency can dismiss a complaint if the complainant fails to state a claim.  *Id*. § 1614.107.  Otherwise, it must investigate the complaint, hold a hearing (if the complainant requests one), and issue a final decision, which is considered a final agency action.  *Id*. §§ 1614.108–1614.110.

[7]   An individual has the right to appeal the employing agency's final order (including a final order dismissing her complaint) to the EEOC's Office of Federal Operations ("OFO") no later than 30 days after receipt of the final order.  *Id*. §§ 1614.401(a), 402(a), 403(a).

[8]   "A complainant who has filed an individual complaint . . . is authorized under title VII [and] the ADEA . . . to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the Commission's final decision on an appeal."  *Id*. § 1614.407(c).

the complaint for cognizable claims and *sua sponte* dismiss all or any part of an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. "A complaint is malicious when it 'duplicates allegations of another [] federal lawsuit by the same plaintiff.'" *Daley v. United States Dist. Court*, 629 F. Supp. 2d 357, 359-360 (D. Del. 2009) (alteration in original) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating "malicious" in the context of sections 1915(e) "is more usefully construed as intended to harass").

Whether a complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Accordingly, a court must determine whether the complaint includes sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotation marks omitted). Finally, the remaining ground for dismissal under § 1915, immunity of the defendants, relates to the protection the law affords certain governmental entities and officials against particular types of lawsuits. 28 U.S.C. § 1915(e)(2)(B)(iii).

## III. DISCUSSION

### A. Statute of Limitations

Section 2000e-16 of Title VII, pertaining to nondiscrimination in federal government employment, provides that "[a]ll personnel actions affecting employees or applicants for employment . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16. Similarly, the ADEA prohibits employment discrimination based on age for federal employees over the age of forty. 29 U.S.C. § 633a.[9] Claims under Title VII and the ADEA are generally subject to the same procedural requirements and evaluated under the same analytical framework. *See generally* 29 C.F.R §§ 1614.101-110; *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

Title VII specifies that federal employees pursuing a discrimination claim must file a lawsuit within 90 days of a final administrative decision. 42 U.S.C. § 2000e-16(c). The ADEA, however, contains no statute of limitations for federal employees, like plaintiff, who pursue their claims with the EEOC before filing in federal court. *See* 29 U.S.C. § 633a. The Third Circuit has not addressed this issue; thus, an appropriate limitations period must be adopted from an analogous federal provision. *See Stevens v. Dep't of Treasury*, 500 U.S. 1, 7-8 (1991). Most of the circuits that have addressed this issue have concluded that Title VII is most analogous to the ADEA.[10] This Court agrees and finds that when federal employees bring a civil action after

---

[9] The "ADEA provides the exclusive remedy for federal employees to litigate age discrimination claims." *Rodrock v. Moury*, 379 F. App'x 164, 166 (3d Cir. 2010) (citing *Purtill v. Harris*, 658 F.2d 134, 137 (3d Cir. 1981)).

[10] *See Price v. Bernanke*, 470 F.3d 384, 388-89 (D.C. Cir. 2006); *Burzynski v. Cohen*, 264 F.3d 611, 619 (6th Cir. 2001); *Rawlett v. Runyon*, 1996 U.S. App. LEXIS 33361, at *2 (4th Cir. Dec. 23, 1996) (unpublished); *Edwards v. Shalala*, 64 F.3d 601, 606 (11th Cir. 1995); *Jones v. Runyon*, 32 F.3d 1454, 1456 (10th Cir. 1994); *Long v. Frank*, 22 F.3d 54, 58 (2d Cir. 1994); *Lavery v. Marsh*, 918 F.2d 1022, 1027 (1st Cir. 1990); *but see Lubniewski v. Lehman*,

pursuing administrative remedies under the ADEA, the action must be brought within 90 days of the final agency action.[11]

The Third Circuit has strictly construed this 90-day period and held that, "a civil suit filed even one day late is time-barred and may be dismissed." *Carter v. Potter*, 258 Fed. Appx. 475, 477 (3d Cir. 2007) (citing *Burgh v. Borough Council*, 251 F.3d 465, 470 (3d Cir. 2001)). This time limit is non-jurisdictional; thus, it is subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982); *Carter*, 258 Fed. Appx. at 477. Equitable tolling principles require a claimant to justify her untimely filing by a showing of "sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). Circumstances warranting equitable tolling include:

> when a claimant received inadequate notice of her right to file suit[;] where a motion for appointment of counsel is pending[;] [] where the court has misled the plaintiff into believing that she had done everything required of her[;] when the defendant has actively misled the plaintiff; when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum.

*Seitzinger*, 165 F.3d at 240 (internal citations omitted; alterations added).

Here, plaintiff states the final decision is dated December 5, 2013. Compl. ¶ 23. Plaintiff does not state when she received notice of this decision. Accordingly, the Court presumes

---

891 F.2d 216, 221 (9th Cir. 1989) (finding the six-year statute of limitations under 28 U.S.C. § 2401(a) applies).

[11] *See Lehman v. Nakshian*, 453 U.S. 156, 167 n.15 (1981) (noting that § 633a is "patterned directly after" 42 U.S.C. § 2000e-16); *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979) (explaining "the ADEA and Title VII share a common purpose [–] the elimination of discrimination in the workplace"); *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 157 (3d Cir. 1995) ("In the context of employment discrimination, the [] ADEA and Title VII [] serve the same purpose . . . [t]herefore, it follows that the methods and manner of proof under one statute should inform the standards under the others as well. Indeed, we routinely use Title VII and ADEA caselaw interchangeably, when there is no material difference in the question being addressed."); 29 C.F.R. § 1614.407(c) (EEOC's regulation applying 90-day period to federal claims under Title VII and the ADEA).

plaintiff received the decision on December 8, 2013, and certainly no later than the end of 2013. *See Vazquez v. Caesar's Paradise Stream Resort*, 524 Fed. Appx. 831, 832 (3d Cir. 2013) (noting a court presumes a party receives a document three days after it is mailed – "a presumption provided for by Rule 6(d) of the Federal Rules of Civil Procedure and endorsed by this Court in *Seitzinger*"). Plaintiff's complaint, filed on April 10, 2014, is therefore untimely.[12]

As the Third Circuit has cautioned, this Court is without power to extend the ninety-day limitations period "by even one day" absent any equitable circumstances. *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Here, plaintiff has alleged no inequitable circumstances, nor can the Court find any based on the allegations. Accordingly, the Court RECOMMENDS plaintiff's complaint be DISMISSED WITHOUT PREJUDICE on statute of limitations grounds. *See Carter*, 360 Fed. Appx. at 273 ("While the statute of limitations ordinarily must be raised as an affirmative defense, . . . a district court has authority to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e) if the limitations defense is obvious from the complaint, and no development of the factual record is required."); *Seitzinger*, 165 F.3d at 240 (explaining "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

---

[12] The 90th day fell on Saturday, March 8, 2014 but the limitations period continued to run until Monday, March 10, 2014. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time: . . . include the last day of the period, but if the last day is a Saturday . . . , the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

### B.  Failure to State a Claim

Assuming, *arguendo*, that plaintiff can present an equitable circumstance to toll the statute of limitations, the Court considers whether the complaint states a claim under Title VII or the ADEA.

1.  <u>Title VII and ADEA Discrimination Claims</u>

"The requirements for a prima facie case of Title VII race discrimination and age discrimination under the ADEA are substantially the same."  *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 n.6 (3d Cir. 2003) (noting "[t]he only real distinction is that for age discrimination, an individual is a member of a protected class if he is forty years of age or older"); *see Ullrich v. United States Secy. of Veterans Affairs*, 457 Fed. Appx. 132, 138 (3d Cir. 2012) ("The same evidentiary framework is used to evaluate claims of discrimination based upon sex and age.").  To state a claim of discrimination under Title VII or the ADEA a plaintiff must allege: "(1) [she] belongs to a protected class; (2) [] she was qualified for the position; (3) [] she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position."  *Sarullo*, 352 F.3d at 797.

Here, plaintiff is a female and is more than forty years old.  She is therefore a member of a protected class under Title VII (her gender) and the ADEA (her age).  As to the second element, plaintiff provides no allegations as to her qualifications for the position held.  Rather, plaintiff's allegation that she failed the proficiency exam three times indicates she was not qualified for the TSO position.  Regarding the third element, an adverse employment action is "a

significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998). It is unclear what, if any, adverse employment action was taken. While plaintiff alleges she was the only employee unable to obtain the required certification who was subject to a "proposal for termination," it is not clear that she was in fact terminated. Rather, plaintiff states only that her "working conditions and terms [] was [sic] affected" without elaboration. Comp. ¶ 18.

Finally, plaintiff fails to allege facts sufficient to permit the Court to draw an inference of discrimination. Her Title VII claim is limited to listing "Gender Discrimination" in the caption of her complaint. As for her claim of discrimination based on age, plaintiff alleges that TSA did not "issue removal procedures" to eight workers under the age of 40, who also failed to obtain the required certification for the TSO position. "The Court will permit an inference of age related discrimination if a younger employee replaces the plaintiff, the plaintiff is subject to age related criticism, or age is discussed as a hiring criterion when replacing plaintiff." *Mayhue v. Core Educ. & Consulting Solutions, Inc.*, 2012 U.S. Dist. LEXIS 76934, at *11 (D.N.J. May 31, 2012) (citing *Schnabel v. Abramson*, 232 F.3d 83, 88 (2d Cir. 2000)). The stated facts do not allege any of these scenarios. In fact, plaintiff does not allege any causal nexus between her membership in a protected class and an adverse decision.

In sum, plaintiff has indicated that defendants discriminated against her based on her gender and age, but she has failed to state any facts to support those assertions. As the complaint does not contain anything more than conclusory allegations of discrimination, plaintiff has failed to state a Title VII or ADEA discrimination claim. Accordingly, the Court RECOMMENDS

plaintiff's Title VII and ADEA discrimination claims be DISMISSED for failure to state a claim.

2.   Title VII and ADEA Retaliation Claims

Title VII and the ADEA protect employees who attempt to exercise the rights guaranteed by these acts against retaliation by employers.[13] 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). To state a claim of retaliation under Title VII or the ADEA, a plaintiff must allege: "(1) he or she engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action." *Ullrich*, 457 Fed. Appx. at 139.

Here, plaintiff's retaliation claim is limited to asking the Court to enjoin defendants from retaliating against her for pursing this action. Even liberally construing plaintiff's complaint, the facts do not state a claim for retaliation under Title VII or the ADEA. Accordingly, the Court RECOMMENDS plaintiff's Title VII and ADEA retaliation claims be DISMISSED for failure to state a claim.

**C.   Proper Defendant and Summons**

Under Title VII, the proper defendant is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c).[14] In contrast to Title VII, the ADEA does not state who

---

[13]   *See Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008) (establishing that the ADEA federal-sector provision, 29 U.S.C. § 633a(a), prohibits retaliation against federal employees who complain of age discrimination); *Ullrich v. United States Sec'y of Veterans Affairs*, 457 Fed. Appx. 132, 139 (3d Cir. 2012) (noting the Supreme Court declined to address whether Title VII bans retaliation in federal employment but explaining the Third Circuit has "generally assumed it does") (citing *Gomez-Perez*, 553 U.S. at 488 n.4; *Jensen v. Potter*, 435 F.3d 444, 449-50 (3d Cir. 2006), *overruled in part on other grounds by Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67-68 (2006)).

[14]   *See Owens v. United States*, 822 F.2d 408, 412 n.6 (3d Cir. 1987) (stating that the "only appropriate defendant in a federal employment Title VII claim is the head of the agency involved"); *see also Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 184 (3d Cir. 1997) (noting individual employees cannot be held liable under Title VII); *Capobianco v. Geithner*, 2009 U.S. Dist. LEXIS 66210, at *2 n.3 (E.D. Pa. July 28, 2009) (explaining an employee's supervisor is not an appropriate defendant in actions under Title VII [] or [the] ADEA").

should be named as the proper defendant. As noted, a court may look to Title VII for guidance and consistent application between the two statutes. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979) (stating the parallel provisions of the ADEA should be construed consistently with Title VII). Thus, the appropriate defendant to be sued under the ADEA is the same person as under Title VII.

Plaintiff filed her complaint against three defendants – Janet Napolitano, former Secretary of DHS,[15] the TSA and ten unidentified individuals. "Since the Secretary of Homeland Security, in h[is] official capacity, is the head of the department governing TSA, []he is the only appropriate defendant to a Title VII [and ADEA] action against the federal government." *Campbell v. Burgess*, 2012 U.S. Dist. LEXIS 109484, at *6 (W.D.N.C. Aug. 3, 2012). Accordingly, to the extent plaintiff is granted leave to amend her complaint, the Court RECOMMENDS that the claims brought against the TSA and the unidentified individuals be DISMISSED.

Furthermore, plaintiff has not provided a properly prepared summons for the Secretary of the DHS (Mr. Johnson) as required under Rule 4(i) of the Federal Rules of Civil Procedure. Rule 4 outlines the process by which service of summons is effectuated. In an action against a United States officer in his official capacity, both the officer and the United States must be served. FED. R. CIV. P. 4(i)(2)(A). Such service entails the following:

(1) delivering a copy of the summons and of the complaint to the United States attorney for the district where the action is brought;[16]

---

[15] Jeh Charles Johnson succeeded Janet Napolitano on December 23, 2013.

[16] Alternatively, plaintiff may deliver a copy of the summons and of the complaint "to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court

*Gillead v. Napolitano et al.*
Civil No. 2014-40
Page 12

    (2)    sending a copy of the summons and complaint to the Attorney General of the United States by registered or certified mail; and

    (3)    sending a copy of the summons and of the complaint by registered or certified mail to the officer.

FED. R. CIV. P. 4(i)(1)(A), (B) and (i)(2). Here, plaintiff presented a summons for the Secretary of DHS only (which incorrectly named Janet Napolitano). Plaintiff failed to present prepared summonses for the United States Attorney in the District of the Virgin Islands or the United States Attorney General. *See Felicetty-Stamm v. Sec'y Dep't of Homeland Sec.*, __ Fed. Appx. __, 2014 U.S. App. LEXIS 2595, at *5 (3d Cir. Feb. 12, 2014) (explaining a plaintiff suing the Secretary of DHS in his official capacity is "also required to serve the United States attorney for the District of New Jersey and the Attorney General of the United States").

## IV.    CONCLUSION

For the foregoing reasons, plaintiff's amended application to proceed *in forma pauperis* [DE 7] is ALLOWED. In addition, the Court RECOMMENDS that plaintiff's complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). Specifically, the Court RECOMMENDS as follows:

(1) Plaintiff's claims against the Transportation Security Administration and John Does 1 through 10 be DISMISSED WITH PREJUDICE;

(2) Plaintiff's complaint as to the Secretary of the United States Department of Homeland Security be DISMISSED WITHOUT PREJUDICE on statute of limitations grounds;

(3) Alternatively, that plaintiff's complaint as to Secretary of the United States Department of Homeland Security be DISMISSED WITHOUT PREJUDICE for failure to state a claim;

---

clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." FED. R. CIV. P. 4(i)(1)(A)(i) & (ii).

      (4) If plaintiff is granted leave to amend, that plaintiff prepare summonses in accordance with Federal Rule of Civil Procedure 4(i); and

      (5) Plaintiff's purported proof of service – in the form of certified mail receipts – hand-delivered to the Clerk of Court on April 21, 2014 be rejected and that the Clerk of Court be directed to return the certified mail receipts to plaintiff at the address provided on plaintiff's correspondence to the Court.[17]

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:** May 20, 2014                          S\_____
                                                                 **RUTH MILLER**
                                                                 United States Magistrate Judge

---

[17] If plaintiff files an amended complaint and it survives review under § 1915(e)(2), plaintiff **is not** responsible for effectuating service. Rather, service must be made by the United States marshal. *See* 28 U.S.C. § 1915(d) (providing "[t]he officers of the court shall issue and serve all process."); FED. R. CIV. P. 4(c)(3) (explaining where a court authorizes a plaintiff to proceed *in forma pauperis* under § 1915, service must be "made by a United States marshal or deputy marshal or by a person specially appointed by the court"); *Crock v. Astrue*, 332 Fed. Appx. 777, 778 (3d Cir. 2009) (explaining a litigant proceeding *in forma pauperis* is not responsible for the service of process and that the district court is "obligated" to order that the United States Marshal effectuate service) (citing *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996)).