```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

LAURA L. GILLEAD,                          )
                                           )
          Plaintiff,                       )
                                           )
     v.                                    )    Civil No. 2014-40
                                           )
JANET NAPOLITANO, SECRETARY, UNITED        )
STATES DEPARTMENT OF HOMLAND SECURITY,     )
A GOVERNMENT ENTITY; TRANSPORTATION        )
SECURITY ADMINISTRATION, A GOVERNMENT      )
ENTITY; and DOES 1 THROUGH 10,             )
INCLUSIVE,                                 )
                                           )
          Defendants.                      )
                                           )
```

**APPEARANCES:**

**Laura L. Gillead**
    *Pro se plaintiff.*

<u>ORDER</u>

**GÓMEZ, J.**

Before the Court is the Magistrate Judge's Report and Recommendation.

In or around 2002, Laura Gillead ("Gillead") was hired by the Transportation Security Administration ("TSA") as a full-time transportation security officer. On June 6, 2012, the TSA issued Gillead a "Proposal for Termination, for failing the User's 20212 Guidelines Technical Proficiency ("PASS") exam three times . . . ." (Complaint, ECF No. 1, at ¶ 14).

On October 1, 2012, Gillead learned that eight workers under forty failed the STPA[1] exam three times and the "Agency did not select and issue removal procedures" to them. (*Id.* at ¶ 16.) Two weeks later, Gillead contacted an EEO counselor. Thereafter on January 10, 2013, she participated in TSA Alternative Dispute Resolution ("ADR") proceedings. (*Id.* at ¶ 19.) The ADR proceedings were unsuccessful. Gillead filed a formal complaint, which was dismissed. (*Id.* at ¶¶ 19-21.) She "sent a timely appeal responce [sic] to the EEO dismissal final decision." (*Id.* at ¶ 2.) She then received "the Agency's final decision dated December 5, 2013." (*Id.* at ¶ 23.)

Subsequently on April 10, 2014, Gillead filed a complaint in this Court against Janet Napolitano, as Secretary of the Department of Homeland Security; the TSA; and John Does 1 through 10. The Magistrate Judge construed Gillead's complaint as asserting four claims: 1) an Americans with Disabilities Act ("ADA") workplace discrimination claim; 2) an ADA retaliation claim; (3) a Title VII of the Civil Rights Act ("Title VII") workplace discrimination claim; (4) and a Title VII workplace discrimination claim.

The Magistrate recommends that the Court dismiss the complaint on a number of grounds. First, the Magistrate

---

[1] Gillead only identifies this exam by its acronym.

recommends that the Court dismiss the complaint without prejudice because the complaint was not filed within 90 days of the Equal Employment Opportunity Commission's final action and Gillead has not pled any facts that would permit tolling of the 90-day period. Second, the Magistrate recommends that the Court dismiss with prejudice the claims against the TSA and John Does One through Ten because the head of the department is the appropriate defendant in a Title VII or ADA claim.  Third, the Magistrate recommends that the Court dismiss the retaliation claims because Gillead failed to allege that she had engaged in a protected employee activity and that as a result adverse action was taken against her. Fourth, the Magistrate recommends that the Court dismiss the Title VII workplace discrimination claim because Gillead failed to allege any facts relating to that claim. Fifth, the Magistrate recommends that the Court dismiss the ADA workplace discrimination claim because Gillead failed to allege sufficient facts indicating that she was qualified for the position; sufficient facts enabling the Court to determine whether the action taken against her rose to the level required to constitute an adverse employment action; or sufficient facts linking her age to the actions taken against her. Lastly, the Magistrate notes that Gillead did not properly

*Gillead v. Napolitano, et al.*
14-cv-40
Order
Page 4

prepare the necessary summonses to effect service on the Secretary of the Department of Homeland Security because Gillead prepared a summons for the former Secretary of the Department of Homeland Security rather than the current Secretary of the Department of Homeland Security, and Gillead had not prepared summons for the United States Attorney for the District of the Virgin Islands or the United States Attorney General.

The Court has reviewed the complaint, the docket, and the Magistrate's legal conclusions and is largely in agreement with the Magistrate's recommendations. The Court does not, however, find that it is necessary to return Gillead's defective proof of service or to order Gillead to file new summonses at this time.[2]

The premises considered; it is hereby

**ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** except insofar as the Magistrate recommends requiring Gillead to prepare summonses and ordering the Clerk of Court to return Gillead's purported proof of service to her; it is further

**ORDERED** that Gillead's claims against the Transportation Security Administration and John Does 1 through 10 are **DISMISSED with prejudice**; it is further

---

[2] Because "[t]he officers of the court"--not the plaintiff--"issue and serve all process, and perform all duties" in cases where the plaintiff proceeds *in forma pauperis*, *see* 28 U.S.C. § 1915(d), new, properly prepared summonses will need to be prepared before an amended complaint can be properly served.

     **ORDERED** that Gillead's claims against the Secretary of the United States Department of Homeland Security are **DISMISSED without prejudice** on statute of limitations grounds and for failure to state a claim; it is further

     **ORDERED** that that Gillead shall have leave to file a second amended complaint not later than 3:00 PM on August 24, 2015.

S\_____

**CURTIS V. GÓMEZ**
**District Judge**